UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> vs. <br><br> EDMUND L. ARSENAULT, an individual, <br> KATHLEEN T. ARSENAULT, an individual, <br> MICHAEL EVANOFF, an individual, <br> DELORES M. ARSENAULT, an individual, and <br> ROLLEX LIMOUSINES, INC., a corporation, <br> d/b/a WWW.ROLLEXLIMOS.COM and <br> WWW.EVIESONLINE.COM, <br><br> Defendants. | Civil Action No. <br><br> **Injunctive Relief Sought** |

## COMPLAINT

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex"), through its attorneys, complaining of defendants, EDMUND L. ARSENAULT, KATHLEEN T. ARSENAULT, MICHAEL EVANOFF, DELORES M. ARSENAULT, as individuals, and ROLLEX LIMOUSINES, INC., a corporation, collectively doing business as www.rollexlimos.com and www.eviesonline.com (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

### STATEMENT OF THE CASE

1. This is a suit by Rolex against Defendants for injunctive relief, treble damages and/or profits, compensatory damages, pre-judgment interest, attorneys' fees, investigators' fees and costs for trademark dilution, infringement, false designations of origin and false description, and cybersquatting. Defendants are being sued by Rolex as a result of Defendants' use of the

1

{TP675701;1}

mark ROLLEX as a corporate trade name in "Rollex limousines, Inc." and domain name "rollexlimos.com", with obvious willful intent to trade on Plaintiff's goodwill and reputation. Defendants use of this confusingly and substantially similar, sound-a-like mark is likely to bring to mind Plaintiff's famous ROLEX trademark and dilute the distinctiveness of that mark. In order to avoid further inevitable harm to its reputation and dilution of its famous trademarks, Plaintiff brings this action. As set forth below, Defendants' unlawful acts constitute false designation of origin and false description and unfair competition, federal trademark dilution by blurring, and cybersquatting in violation of 15 U.S.C. § 1125 (a), (c) and (d).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

3. Defendants are subject to the Court's jurisdiction because they reside and/or do business in the Middle District of Florida and have committed the acts complained of herein in this District.

4. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022.

7. Upon information and belief, defendant Edmund L. Arsenault ("E. Arsenault") is a resident of the State of Florida residing at 2491 Hawthorne Street, Sarasota, FL 34239 and is an owner of, registered agent for and President of Rollex Limousines, Inc.

8. Upon information and belief, defendant Kathleen T. Arsenault ("K. Arsenault") is a resident of the State of Florida residing at 2491 Hawthorne Street, Sarasota, FL 34239 and is an owner and Vice President of Rollex Limousines, Inc.

9. Upon information and belief, defendant Michael Evanoff ("M. Evanoff") is a resident of the State of Florida residing at 3714 Flores Avenue, Sarasota, FL 34239 and is an owner and Vice President of Rollex Limousines, Inc.

10. Upon information and belief, defendant Delores M. Arsenault ("D. Arsenault") is a resident of the State of Florida residing at 2440 Hillview Street, Sarasota, FL 34239 and is an owner and Treasurer of Rollex Limousines, Inc.

11. Upon information and belief, defendant Rollex Limousines, Inc. is a corporation duly organized and existing under the laws of the State of Florida, having an office and principal place of business at 2491 Hawthorne Street, Sarasota, FL 34239.

12. Upon information and belief, Defendants have established the e-mail addresses limos@eviesonline.com, mike@eviesonline.com, and neal.hockett@gmail.com with which the Defendants use to operate their limousine services while diluting and infringing the ROLEX trademark.

13. Upon information and belief, Defendants are the owners, managers, controlling forces and/or responsible for the day-to-day operations of Rollex Limousines, Inc., www.rollexlimos.com and www.eviesonline.com (the "Websites").

{TP675701;1}

14. Defendants are subject to the jurisdiction of this Court because they are domiciled in and conduct substantial business within this District.

## FACTUAL ALLEGATIONS

A. **Rolex's Famous Products and Trademarks**

15. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear the famous trademark ROLEX, as defined below, and numerous other trademarks.

16. Rolex watches are identified by the trade name and trademark ROLEX.

17. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women (hereinafter referred to as "Rolex Watches").

18. Rolex is responsible for maintaining control over the quality of Rolex products and services in this country.

19. Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches and the ROLEX trademark, as defined below, is a distinctive mark used to identify these high quality products originating with Rolex.

20. Rolex owns numerous trademarks, including, but not limited to, the trademark and trade name ROLEX.

21. Rolex is the owner of the following federal trademark registration in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |

A correct and true copy of Rolex's federal trademark registration ("ROLEX") is attached hereto as **Exhibit 1** and is incorporated herein by reference.

22. ROLEX is valid and subsisting and in full force and effect and has become incontestable pursuant to 15 U.S.C. § 1065.

23. ROLEX is an arbitrary and fanciful trademark and is entitled to the highest level of protection afforded by law.

24. Rolex and its predecessors have used ROLEX for nearly a century on and in connection with Rolex Watches and related products.

25. Based on Rolex's continuous and exclusive use of ROLEX throughout the U.S. and worldwide, and its extensive advertising, sales and the wide popularity of Rolex products, ROLEX is famous and became famous well prior to the activities of the Defendants complained of herein.

26. ROLEX has acquired secondary meaning so that any product or advertisement bearing such mark is immediately associated by consumers, the public and the trade as being a product or affiliate of Rolex.

27. Rolex has gone to great lengths to protect its name and enforce its rights as the exclusive owner of its ROLEX trademark.

**B.  Defendants' Infringing Activities**

28. Rolex hereby incorporates all prior allegations by reference.

29. Upon information and belief, long after Rolex's adoption and use of ROLEX on its products and after Rolex's federal registration of ROLEX, Defendants began using, promoting, and advertising in interstate commerce the ROLLEX mark, through their internet

Websites and their limousine business, "Rollex Limousines, Inc." Images of the Websites are attached hereto as **Exhibit 2** and are incorporated herein by reference.

30. On March 25, 2010, defendant E. Arsenault incorporated "West Coast Programming, Inc." On February 12, 2010, defendant E. Arsenault adopted the name change of his corporation to "Rollex Limousines, Inc." *See* the "Articles of Amendment" filed by Mr. Arsenault with the Florida Secretary of State on February 16, 2010 attached hereto as **Exhibit 3** and is incorporated herein by reference.

31. The website, www.rollexlimos.com, is registered to Rollex Limousine, 4725 Bee Ridge Road, Sarasota, Florida 34233, e-mail address: neal.hockett@gmail.com, telephone number: 941-323-3078. This website was registered on May 7, 2010. The www.rollexlimos.com domain incorporates Plaintiff's ROLEX trademark or mark confusingly similar thereto. A "Whois" search confirming the registrant information is attached hereto as **Exhibit 4** and is incorporated herein by reference.

32. The website, www.eviesonline.com, is registered to Michael Evanoff, 4735 Bee Ridge Road, Sarasota, Florida 34233, e-mail address: mike@eviesonline.com, telephone number: 941-371-3161. This website was registered on August 19, 2004. The www.eviesonline.com advertises the Rollex Limousine, Inc.'s services as displayed in Exhibit 2. A "Whois" search confirming the registrant information is attached hereto as **Exhibit 5** and is incorporated herein by reference.

33. On or about July 2010, Rolex discovered the Defendants' corporation, Rollex Limousines, Inc. On July 22, 2010, Rolex's counsel sent a cease and desist letter to Defendants E. Arsenault and K. Arsenault via first class mail to 2491 Hawthorne Street, Sarasota, FL 34239 warning them of the consequences of federal trademark dilution, infringement and

cybersquatting. Over the course of the following month, multiple voice messages were exchanged between Rolex and Defendants' counsel. On August 26, 2010, Rolex's attorneys sent another letter to Defendants' counsel reiterating Rolex's demand to change the corporate name. Rolex's attorneys received a response from Defendants' counsel, dated September 8, stating he would discuss the matter with his clients. Copies of the correspondence dated July 22, August 26 and September 8 are attached hereto as **Exhibit 6** and are incorporated herein by reference.

34. Since the letter dated September 8, 2010 there has been further correspondence between the parties, two additional letters from Rolex, reiterating its demands and restating Defendants' Lanham Act violations and one additional letter from Defendants' counsel. Ultimately, Defendants' correspondence was fruitless, as it gave no straightforward answers to Rolex's counsel, all while growing the Defendants' limousine business and exploiting the ROLEX trademark. Rolex has given the Defendants ample time to resolve this matter without the need for further litigation.

35. Despite Rolex's multiple letters to the Defendants since July 2010, the Defendants have continued to operate their corporation using the mark ROLLEX and have expanded the Websites to advertise and promote their limousine business. The Defendants' repeated violations of Rolex's intellectual property rights have been willful and calculated in a fashion to build its business from Rolex's goodwill and well know and established trade name and trademark.

**C.   Summary of Defendants' Illegal Activities**

36. Defendants intentionally, maliciously, knowingly and willfully adopted and actively use the ROLLEX mark within their corporate business name, as well as within their

{TP675701;1}

www.rollexlimos.com domain name and throughout their Websites, despite their full knowledge of Rolex's rights.

37. Defendants' mark, ROLLEX, is substantially indistinguishable and confusingly similar to ROLEX in both sound and spelling.

38. Defendants are not now, nor have they ever been, associated, affiliated, connected with, endorsed or sanctioned by Rolex.

39. Rolex has never authorized or consented in any way to the use by Defendants of ROLEX or to the use of marks substantially indistinguishable and confusingly similar thereto.

40. Defendants' use of ROLLEX, a mark substantially indistinguishable and/or confusingly similar to ROLEX, to conduct business, advertise and promote their services, are trading upon the goodwill and reputation of Rolex, and such use likely to cause consumers, the public and the trade to erroneously believe that the services provided by Defendants are in some what authorized, sponsored, approved by or affiliated with Rolex, even though they are not. This confusion causes irreparable harm to Rolex and weakens and dilutes the distinctive quality of the ROLEX trademark.

41. Defendants' use of a mark substantially indistinguishable from and substantially similar to ROLEX blurs the distinctiveness of this famous trademark.

42. Defendants have been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for their own financial gain. Furthermore, Defendants have unfairly benefited and profited from Rolex's outstanding reputation for high quality products and its significant advertising and promotion of the ROLEX trademark.

43.     Defendants have disparaged Rolex, the ROLEX trademark and its products by creating a false association with Rolex and ROLEX. Their use of ROLLEX will hamper Rolex's continuing efforts to protect its outstanding reputation for high quality, originality and distinctive goods, and blur the ROLEX trademark.

44.     Defendants had knowledge of Plaintiff's rights to ROLEX and Rolex's reputation for distinctive high quality goods, prior to their adoption and use of the ROLLEX mark. Upon information and belief, Defendants have acted with reckless disregard for Rolex's rights and/or were willfully blind in connection with their unlawful activities. Upon information and belief, Defendants have willfully and maliciously engaged in infringing activities. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

45.     Rolex has no adequate remedy at law.

46.     Rolex has suffered irreparable harm and damages as a result of Defendants' conduct, including blurring of its trademark, loss of control over its reputation, and loss of goodwill. Defendants' wrongful acts will continue unless enjoined by the Court. Accordingly, Defendants must be restrained and enjoined from any further infringing, unfairly competitive or dilutive activities.

### FIRST CLAIM FOR RELIEF
(Federal Trademark Dilution, 15 U.S.C. §1125(c))

47.     Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

48.     Defendants' use of ROLLEX, a mark substantially indistinguishable and/or confusingly similar to ROLEX, in their business name and in association with their services and Websites, constitutes Defendants' commercial use of the ROLLEX mark.

49. The ROLEX trademark is world famous and distinctive. It has acquired secondary meaning in the marketplace.

50. Defendants' use of ROLLEX, a mark substantially indistinguishable and/or confusingly similar to ROLEX, beginning after ROLEX acquired fame, to advertise their limousine services, within their business name, within the rolllexlimos.com domain name, and on the Websites constitutes dilution by blurring of the ROLEX trademark. Unless restrained, Defendants' use will continue to dilute the distinctive quality of Plaintiff's famous trademark by destroying and blurring the exclusive association between ROLEX and Plaintiff's products and/or by lessening the ability for consumers to exclusively identify Plaintiff with its merchandise.

51. Defendants' acts as aforesaid are diluting the distinctive quality of ROLEX in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52. Defendants have intentionally and willfully appropriated their ROLLEX mark and trade on Rolex's reputation and good will.

53. Rolex is suffering and will continue to suffer irreparable harm from the Defendants' dilutive activities, without any adequate remedy at law, unless enjoined by this Court.

### SECOND CLAIM FOR RELIEF
(Trademark Infringement, Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. § 1125(a))

54. Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

55. In connection with Defendants' advertisement, promotion, offers of sale and sale of their services, Defendants have used the ROLEX trademark or marks substantially indistinguishable and/or confusingly similar thereto, in interstate commerce.

56. Rolex has exclusively used ROLEX for almost 100 years and has established ownership of ROLEX and the exclusive right to use such trademark due to the mark's fame, Rolex's worldwide sales, and extensive advertising.

57. In connection with Defendants' advertisement, promotion, offers of sale and sale of their services, Defendants are likely to cause confusion and deceive customers regarding their use of the ROLEX trademark which tends falsely to describe the origin, sponsorship, association and/or approval by Rolex of the Defendants' services.

58. Defendants use ROLEX or marks substantially indistinguishable and/or confusingly similar thereto with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Rolex.

59. Defendants' use of ROLEX or marks substantially indistinguishable and/or confusingly similar thereto on the Websites, within the domain name, and on their promotional and sales documents, constitutes false descriptions and representations tending falsely to describe or represent Defendants and their services as being sponsored, affiliated or associated with Rolex, thereby improperly appropriating to themselves the valuable trademark rights of Rolex.

60. Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent their services as those of Rolex in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61. Defendants' acts constitute unfair competition under federal law.

62. Defendants' acts are causing and continue to cause irreparable harm to Rolex regarding its loss of control over its reputation and goodwill. Plaintiff has no adequate remedy at law, unless and until Defendants' actions are enjoined.

### THIRD CLAIM FOR RELIEF
(Cybersquatting, 15 U.S.C. § 1125(d))

63. Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

64. Defendants, through Rollex Limousines, Inc., registered and continue to use the domain name, www.rollexlimos.com. The Defendants use this website to market their limousine services.

65. Defendants' domain name expressly incorporates "ROLLEX" which is substantially indistinguishable from and/or confusingly similar to the ROLEX trademark owned by Plaintiff.

66. The ROLEX mark is famous and has achieved secondary meaning in the marketplace. Consumers associate the ROLEX mark with Rolex and its merchandise. ROLEX was already famous and distinctive prior to Defendants' use.

67. Defendants' use of the website rollexlimos.com infringes Rolex's intellectual property rights in its ROLEX trademark.

68. Upon information and belief, Defendants had not used the ROLLEX mark or anything similar in connection with their services prior to registering their corporate name with the Florida Secretary of State on February 12, 2010 and then registering the domain name on May 7, 2010.

{TP675701;1}


69. Upon information and belief, Defendants knew of the ROLEX trademark and Rolex's reputation for high quality goods and services prior to registering their domain name and therefore registered the domain name in bad faith with intent to profit from Plaintiff's goodwill and reputation.

70. Defendants registered the domain name with a bad faith intent to attract more traffic to its website via use of the famous ROLEX trademark or a mark substantially indistinguishable from and/or confusingly similar thereto.

71. Defendants' conduct has caused and will continue to cause injury to Rolex and its goodwill and reputation, and will continue to damage Rolex and the consuming public unless Defendants are enjoined by this Court and the domain name is ordered to be transferred to Rolex.

## PRAYER FOR RELIEF

**WHEREFORE**, Rolex respectfully requests that the Court order the following relief:

I. That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a) Imitating, copying or making unauthorized use of the Plaintiff's trademarks, trade name or domain name, or those substantially indistinguishable and/or confusingly similar thereto either standing alone or as part of any other name or mark;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the ROLEX trademark, Rolex's name, reputation or goodwill;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent their services as being

those of Rolex or sponsored by or associated with Rolex and from offering such services in commerce;

(d) using any simulation, reproduction, counterfeit, copy or colorable imitation of the ROLEX trademark, or any words confusingly similar, as a trademark, trade name, domain name or otherwise, in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any services in such fashion or in any medium, as to relate or connect, or tend to relate or connect, such services in any way to Rolex, or to any goods or services sold, manufactured, sponsored or approved by, or connected with Rolex;

(e) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Rolex, or is provided, licensed, sponsored, approved or authorized by Rolex;

(f) engaging in any conduct constituting an infringement of the ROLEX trademark, or any words confusingly similar, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(g) using or continuing to use the ROLEX trademark or trade name in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i) acquiring, maintaining, registering or applying to register as a trademark, trade name, service mark, domain name or any other source identifier the ROLEX trademark or any other trademarks owned by Plaintiff, or any other mark or name that infringes or is likely to be confused with Plaintiff's trademarks or trade names, or transferring conveying or assigning any such domain names to any entity other than Rolex; and

(j) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

II.  That Defendants, within thirty (30) days of judgment, file and serve Rolex with a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

III. That Defendants immediately cease the use of www.rollexlimos.com as a domain name and that the domain name be immediately transferred to Rolex.

IV.  That Defendants be required to immediately destroy any and all advertising, promotional, or marketing materials, or supplies used to conduct business, within their possession, custody or control that infringe upon the ROLEX trademark.

V.   Requiring Defendants, jointly and severally, to pay to Rolex such damages Rolex has sustained as a consequence of their acts of infringement and unfair competition as alleged herein, and to account for all gains, profits and advantages derived by Defendants from their unlawful activities, and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117 for Defendants' willful and intentional conduct.

VI.  Ordering that Rolex recover the costs of this action, together with reasonable attorneys' and investigators' fees and pre-judgment interest in accordance with 15 U.S.C. § 1117.

VII. Directing that this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VIII. Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rolex.

IX. Awarding to Rolex such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Rolex has incurred in connection with this action.

Respectfully submitted,

_____
Wayne Lee Thomas
Florida Bar Number: 139505
Richard H. Martin
Florida Bar Number: 579831
**AKERMAN SENTERFITT**
401 E. Jackson Street
Suite 1700
Tampa, FL 33602
Phone: (813) 223-7333
Fax: (813) 223-2837
Email: wayne.thomas@akerman.com

*Of Counsel:*
Brian W. Brokate, Esq. (BB 5830)
John Macaluso, Esq. (JM 2058)
Christina L. Winsor, Esq. (CW 9983)
GIBNEY, ANTHONY & FLAHERTY, LLP
665 Fifth Avenue
New York, NY 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315

Attorneys for Plaintiff Rolex Watch U.S.A., Inc.

{TP675701;1}